**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIE H. DANIELS,**

    **Plaintiff,**

vs.                                                     **Case No.: 8:05-cv-952-T-30MSS**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for a period of disability and disability insurance benefits under the Act.[1]

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, as well as the pleadings and memoranda submitted by the parties in this case.

---

[1] The District Court has referred this matter to the Undersigned for a Report and Recommendation pursuant to Title 28, United States Code, Section 636(b)(1)(B)-(C), Fed. R. Civ. P. 72 and Local Rules 6.01(a), (b) and 6.02(a), M.D. Fla.

I. **Background**

   A. **Procedural History**

Plaintiff filed an application for disability insurance benefits on June 12, 2002. (T. 59-61) Plaintiff alleged an onset of disability on January 1, 1998, due to residual status post cerebrovascular accident with mild hemiparesis ("stroke"), right side weakness (T. 327), hypertension (T. 189), blurry vision, and dizziness (T. 329). His application was denied initially and upon reconsideration. Plaintiff requested a hearing, which was held on June 12, 2004, before ALJ Milton J. Carp. (T. 412-57) In a decision dated September 15, 2004, the ALJ denied Plaintiff's claims for benefits. (T. 13-23) The Appeals Council denied review of the decision on March 16, 2005. (T. 4-6) This action for judicial review ensued.

   B. **Medical History and Findings Summary**

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, Plaintiff complained of residual status post cerebrovascular accident with mild hemiparesis resulting in cognitive dysfunction, right side weakness, hypertension, blurry vision, and dizziness.

At the hearing, the ALJ left the record open for two weeks to allow Plaintiff to submit additional medical records. Additional medical records, which included a Medical Source Statement and a Mental Residual Functional Capacity Assessment ("Mental RFC") form from Plaintiff's treating physician, Dr. Marc S. Berger, were submitted in July 2004, after the hearing. (T. 379-85) After considering the evidence, the ALJ found that although Plaintiff suffered from severe impairments,

including status post cerebrovascular accident with mild hemeparesis, he did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4.  (T. 18)

Based upon the testimony of the vocational expert (the "VE"), the ALJ determined that, considering Plaintiff's age, educational background, work experience and residual functional capacity ("RFC"), Plaintiff is capable of performing work that exists in significant numbers in the national economy.  (T. 22) Specifically, the ALJ determined that Plaintiff retained the RFC to perform a limited range of light work.  (T. 21) Given this RFC and based on the VE's testimony at the hearing, the ALJ determined that Plaintiff could not perform his past relevant work but he could perform other work available in significant numbers in the national economy, including work as a parking lot cashier, a toll collector, and a "cigarette" machine operator.[2]  (T. 21-22)  As such, the ALJ concluded Plaintiff was not under a disability as defined by the Act.

Plaintiff contends that the decision of the ALJ must be reversed and remanded for further hearing for the following reasons: (1) the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician; (2) the ALJ failed in finding that Plaintiff could engage in substantial gainful activity; and (3) the ALJ's decision is not supported by substantial evidence and does not comply with controlling legal principles.

---

[2]The VE concluded Plaintiff could work as a "copy machine operator" based on her review of the record .  (T. 446)  The ALJ's conclusion that Plaintiff could work as a "cigarette" machine operator appears to be an error.

For the reasons that follow, the Undersigned respectfully recommends that the decision of the Commissioner be **REVERSED** and **REMANDED** for an award of benefits.

## II.     Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g) (2006).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law de novo.  See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard.  McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987).

III.     Discussion

**WHETHER THE ALJ FAILED TO GIVE GREAT WEIGHT TO THE OPINION OF PLAINTIFF'S TREATING PHYSICIAN**

Plaintiff contends that the ALJ failed to give controlling weight to the opinion of Plaintiff's treating physician and, to the extent he accepted the opinion, he failed to state clearly what weight was assigned to the opinion. The record reveals that the ALJ reviewed medical records from the Bay Pine Veterans Administration Medical Center ("VA Medical Center") to include a Mental RFC and a Medical Source Statement completed by Dr. Marc S. Berger on July 15, 2004, after the hearing. (T. 379-85)  The only statement the ALJ made regarding the medical findings of Dr. Berger was that he afforded them "appropriate but not controlling weight."  (T. 18)

The controlling body of law on the priority of medical evidence provides that the treating physician's opinion may not be rejected absent good cause to the contrary. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). The good cause finding must be set forth expressly on the face of the ALJ's opinion.  It may not be reconstructed after the fact by the Commissioner.  "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Commissioner."  Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988) (citation omitted); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).  Good cause exists when 1) the treating physician's opinion was not bolstered by the evidence; 2) the evidence supported a contrary finding; or 3) the

treating physician's opinion was conclusory or inconsistent with the doctor's own medical record. Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004).

Furthermore, the reports of reviewing, non-examining physicians do not constitute substantial evidence on which to base an administrative decision. Spencer on Behalf of Spencer v. Heckler, 765 F.2d 1090, 1093 (11th Cir. 1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir. 1980); Lamb, 847 F.2d at 703 ("The opinions of non-examining, reviewing physicians, . . . when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence"). Further, the good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of the treating physician. Johns v. Bowen, 821 F.2d 551, 554 (11th Cir. 1987). This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients and in that capacity are best qualified to assess the nature of the claimed disability. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1987).

Consistent with this rule, the ALJ has a duty to make clear the weight accorded to each item of evidence and the reasons for the decision. Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981). This is to enable a reviewing court to determine whether the ultimate decision is based on substantial evidence. A statement that the ALJ carefully considered all the testimony and exhibits is not


sufficient to meet this obligation. Id.; See also Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987); Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985); Hudson v. Heckler, 755 F.2d 781, 786 (11th Cir. 1985). Where the ALJ fails to state a reasonable basis for rejecting the treating physician's opinion, the opinion will be accepted as true as a matter of law. Ortega v. Chater, 933 F. Supp. 1071, 1076 (S.D. Fla. 1996)(citing Holt v. Sullivan, 921 F.2d 1221,1223 (11th Cir. 1991)).

In this case, the ALJ granted Plaintiff leave for two weeks to submit an RFC form from a treating source. (T. 456) After the hearing, Plaintiff submitted a Mental RFC and a Medical Source Statement completed by Dr. Marc S. Berger from the VA Medical Center on July 15, 2004. (T. 379-85) Because Plaintiff was treated at the VA Medical Center, the opinion of Dr. Berger is considered that of a treating physician, a fact that the Commissioner does not dispute.

On the Medical Source Statement, Dr. Berger opined that Plaintiff could occasionally lift less than ten pounds and he was unable to assess how much Plaintiff could frequently lift. (T. 383) He further stated that Plaintiff could stand/walk for only two hours in an eight-hour work day, and only one-half hour without interruption. (T. 384) In addition, Dr. Berger opined that Plaintiff's abilities to reach and push/pull were impacted by his impairment because his right hand was limited. (T. 385) On the Mental RFC, Dr. Berger opined that Plaintiff was moderately limited in three areas: (1) the ability to remember locations and work-like procedures; (2) the ability to understand and remember detailed instructions; and (3) the ability to carry

out detailed instructions. (T. 379)

The ALJ acknowledged receipt of the assessments but stated simply: "I have considered and assigned appropriate but not controlling weight" to the opinion of Dr. Berger "as the limitations imposed appear excessive based on the overall record." (T. 18) The ALJ did not state what portion of Dr. Berger's opinion he accepted as true, if any. Nor did he point to any specific aspect of the record with which he believed the physician's opinion conflicted. He did not suggest that Dr. Berger's opinion was not based on objective medical findings. Further, no other treating source provided an RFC to contradict the opinion of Dr. Berger.

Nevertheless, the ALJ's ultimate finding is in direct conflict with the opinion of Dr. Berger. The ALJ concluded that Plaintiff "retains the residual functional capacity for light work involving simple instructions and tasks except for work requiring repetitive use of the right hand or exposure to heights or moving machinery." (T. 19) "Light work involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds." (T. 21) (citing 20 C.F.R. §§ 404.1567 and 416.967) Thus, despite the ALJ's assertion that his determination was consistent with the evidence of record, (T. 19), it cannot be reconciled with Dr. Berger's opinion which limits Plaintiff to lifting a maximum of ten pounds occasionally and, therefore, would preclude Plaintiff from performing work at the light exertional level.

From a review of the record, it appears that the ALJ relied on an RFC

prepared by a reviewing, consulting physician who did not have the benefit of Dr. Berger's RFC assessment. (T. 169) That RFC contradicted significantly the limitations imposed by Plaintiff's treating physician. For example, Dr. Berger limited Plaintiff to lifting less than ten pounds occasionally. He concluded the Plaintiff was limited to standing and/or walking for less than two hours in an eight-hour workday. He concluded that reaching, pushing and pulling were affected by Plaintiff's right hand impairment. The reviewing consultant concluded Plaintiff could lift twenty pounds occasionally and ten pounds frequently, he could stand and walk at least two hours in an eight-hour day and his abilities to push and pull were unlimited except for the weight restrictions noted.

Despite this clear contradiction, the ALJ credited the review examiner's report over the treating physician's opinion. As such, his decision is in conflict with controlling legal standards. As noted above, the good cause for discrediting a treating physician's opinion is not provided by a contradictory report from a non-examining, consulting physician. Johns, 821 F.2d at 554. Having failed to articulate any cause to reject the opinion of Plaintiff's treating physician, that opinion must be accepted as true and granted controlling weight. MacGregor, 786 F.2d at 1058.

At the time of the assessments by Dr. Berger, the ALJ expressly found that Plaintiff was an individual closely approaching advanced age, at fifty years old. (T. 21) The Medical Source Statement indicates that Plaintiff is limited to lifting ten pounds occasionally. (T. 383) This limitation places him at the sedentary exertional

9

level. See 20 C.F.R. § 404.1567(a) (2006). The ALJ also found that Plaintiff has no "acquired work skills which are transferable to the skilled or semiskilled work activities of other work." (T. 21)  Under the Commissioner's Medical-Vocational Guidelines, a person, such as Plaintiff, who is a high school graduate, is closely approaching advanced age, has no transferable skills and who has the ability to perform only sedentary work, is presumptively disabled. See 20 C.F.R., Pt. 404, Subpt. P, App. 2, § 201.14, Table No. 1. Hughes v. Barnhart, 323 F. Supp.2d 1230, 1237 (N.D. Ala. 2004). Thus, accepting the limitations imposed by Dr. Berger coupled with the findings of the ALJ would render Plaintiff disabled as a matter of law as of his fiftieth birthday, March 15, 2004.

Further consideration under the sequential analysis, therefore, is unnecessary for the period March 2004 to the present because all of the essential evidence was before the Appeals Council when it denied review and the evidence establishes without any doubt that Plaintiff was disabled under the Act as of that date. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993); accord, Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988); Bowen v. Heckler, 748 F.2d 629, 631, 636-37 (11th Cir. 1984).

In this case, Plaintiff alleges he became disabled as of 1998.  In this regard it is not clear that Dr. Berger's opinion extends back to that date.  It is additionally unclear whether, in the absence of his approaching advanced age, Plaintiff would be disabled if the assessment does apply.  Thus, remand is appropriate for further

10

consideration to determine the earliest date that Dr. Berger's assessment should apply and Plaintiff's earliest onset date, considering all of the evidence, viewed anew accepting Dr. Berger's assessment to be true. On remand to determine whether Plaintiff would be disabled in this closed end period, 1998 through Plaintiff's fiftieth birthday, the parties should be permitted to introduce additional evidence.

### IV.   Conclusion

For these reasons, the Undersigned **REPORTS** and **RECOMMENDS** that the decision of the Commissioner be **REVERSED** and **REMANDED** for a calculation and award of benefits to Plaintiff beginning on March 31, 2004. Additionally, the case should be **REVERSED** and **REMANDED** for further consideration under the sequential analysis for the time period after Plaintiff's alleged onset date and the date of his presumptive disability at age fifty, considering any new information the parties wish to introduce and accepting Dr. Berger's findings to be true, if they apply to the claimed period. Further, the **CLERK** should be directed to **CLOSE** this case.

**RESPECTFULLY RECOMMENDED** in Tampa, Florida in this 24th day of August 2006.

MARY S. SCRIVEN
United States Magistrate Judge

## **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal. <u>See</u> 28 U.S.C. § 636(b)(1).


Copies furnished to:
Presiding District Court Judge
Counsel of Record
Unrepresented Parties