**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WILLIE DANIELS,**

    **Plaintiff,**

v.                                                          **Case No. 8:05-cv-952-T-30TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the court on referral by the Honorable James S. Moody for a Report and Recommendation on **Defendant's Motion for Relief From Judgment Under Rule 60(b)** (Doc. 25). Plaintiff has filed objections, in part, to the relief sought (Doc. 29).

By his motion, Defendant seeks an Order modifying the court's Order of September 12, 2006, wherein the court reversed the Commissioner's decision that Plaintiff was not disabled and remanded the case to the Commissioner "for a calculation and award of benefits to Plaintiff beginning on March 31, 2004," and:

> for further consideration under the sequential analysis for the time period after Plaintiff's alleged onset date and the date of his presumptive disability at age fifty, considering any new information the parties wish to introduce and accepting Dr. Berger's findings to be true, if they apply to the claimed period.

(Doc. 20 at 2). In particular, the Commissioner requests the court to delete the language "REVERSED and REMANDED for a calculation and award of benefits to Plaintiff beginning on March 31, 2004," and substitute "REVERSED and REMANDED for consideration of

whether Plaintiff had engaged in SGA as of January 2004." The Commissioner asserts that the modification is necessary to avoid a miscarriage of justice given the new and material evidence that emerged after the case was remanded which reflects that Plaintiff engaged in substantial gainful activity for the years 2004 through 2007 and thus may not be entitled to benefits as directed by the court. (Doc. 25).

In response, Plaintiff states that he does not object to the requested change in the language but he does not waive his right to assert his claim for benefits and rebut any presumption related to his alleged past substantial gainful activity. (Doc. 29).

Rule 60 provides, in pertinent part, that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . .
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time -- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Here, the Commissioner filed his motion more than three years after the court entered Judgment in this case, but urges the court to act on the motion to prevent a substantial injustice whereby Plaintiff would be awarded benefits to which he may not be entitled.[1]

---

[1]Although the Commissioner cites Rule 60(b)(6), that provision appears unavailable as a remedy. Under that provision, a court may not consider as reasons justifying relief any of the reasons under the other five subsections of the rule. *Hall v. State of Ala.,* 700 F.2d 1333, 1338 (11th Cir. 1983) (*citing Klapprott v. United States,* 335 U.S. 601, 614-15 (1949)). As the Commissioner indicates, the reason in this case is newly discovered evidence, which is

For newly discovered evidence to provide a basis for a new trial under subsection (b)(2), a party must demonstrate the following: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result. *Scutieri v. Paige*, 808 F.2d 785, 793 (11th Cir. 1987) (citing *Ag Pro, Inc. v. Sakraida,* 512 F.2d 141, 143 (5th Cir. 1975)). A motion for a new trial under Rule 60(b)(2) is an extraordinary motion and the requirements of the rule must be strictly met. *Id.*

Upon consideration, it is RECOMMENDED that **Defendant's Motion for Relief From Judgment Under Rule 60(b)** (Doc. 25) be DENIED. Although the substance of the Commissioner's motion may have merit, the motion is untimely. *See* Rule 60(c)(1). As such, the relief sought by the Commissioner is not available under Rule 60(b)(2). The Commissioner correctly urges that "a Rule 60(b)(2) motion made more than one year after final judgment . . . may be entertained as an independent action . . . to 'prevent a grave miscarriage of justice.'" *Gundotra v. IRS*, No. 04-15780, 2005 WL 3477716, at *1 (11th Cir. 2005) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). In this case, however, the Commissioner has not sought to have the judgment vacated by way of initiating an independent action.[2] Under *Beggerly* and given the language set forth in Rule 60(d)(1), it does not appear that any procedural mechanism aside from an independent action is contemplated when seeking to vacate or set aside a judgment on grounds of new evidence covered by subsection (2).

---

[2] Nor has the Commissioner moved to have this case reopened.

when more than one year has elapsed since entry of judgment. Such is the circumstance here. Accordingly, the Commissioner's instant motion should be denied on this ground.

        Respectfully submitted on this
        13th day of November 2009.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record