**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**WILLIE DANIELS,**

    **Plaintiff,**

**v.**                                                   **Case No. 8:05-cv-952-T-30TBM**

**MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,**

    **Defendant.**
                                            /

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on referral by the Honorable James S. Moody for a Report and Recommendation on **Defendant's Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b) or, in the Alternative, to Alter or Amend the Court's Judgment Under Fed. R. Civ. P. 59(e)** (Doc. 33). By his motion, the Commissioner seeks Rule 60(b) relief from the court's Order of December 2, 2009, (Doc. 31), adopting the Report and Recommendation (Doc. 30) and denying Defendant's Motion for Relief From Judgment Under Rule 60(b) (Doc. 25). Plaintiff has not filed a response in opposition. A hearing on this matter was conducted on February 25, 2010, to address procedural and substantive concerns.

I.

A brief procedural overview proves useful. Plaintiff initiated this action on May 18, 2005. (Doc. 1). On September 12, 2006, the district judge adopted the Report and

Recommendation, and reversed and remanded the case "for a calculation and award of benefits to Plaintiff beginning on March 31, 2004, [and] . . . for further consideration under the sequential analysis for the time period after Plaintiff's alleged onset date and the date of his presumptive disability at age fifty, considering any new information the parties wish to introduce and accepting Dr. Berger's findings to be true, if they apply to the claimed period." (Doc. 20 at 2). The case was closed on the same month.

Almost three years later, the Commissioner filed his first Rule 60(b) motion. *See* (Doc. 25). By that motion, the Commissioner sought an Order modifying the court's Order of September 12, 2006, by deleting the language "REVERSED and REMANDED for a calculation and award of benefits to Plaintiff beginning on March 31, 2004," and substituting instead "REVERSED and REMANDED for consideration of whether Plaintiff had engaged in SGA as of January 2004." The Commissioner urged that the modification was necessary to avoid a miscarriage of justice given the new and material evidence that emerged after the case was remanded which reflected that Plaintiff engaged in substantial gainful activity for the years 2004 through 2007 and thus may not be entitled to benefits as directed by the court. (Doc. 25). Plaintiff did not object to the change in language requested by the Commissioner but indicated that he did not waive his right to assert his claim for benefits and rebut any evidentiary issues that had been raised in the Commissioner's motion including whether his work activity should be characterized as substantial gainful activity. (Doc. 29).

On November 13, 2009, the undersigned issued a Report and Recommendation on the Commissioner's first Rule 60(b) motion (Doc. 25), recommending that the motion be denied as untimely under Rule 60(c)(1) and finding that, if Defendant was entitled to relief,

such must come by way of an independent action.  *See* (Doc. 30 at 3).  Relying on *Gundotra v. IRS,* No. 04-15780, 2005 WL 3477716, at *1 (11th Cir. 2005), and *United States v. Beggerly*, 524 U.S. 38 (1998), and given the language set forth in Rule 60(d)(1), I concluded that the Commissioner was not entitled to relief because he had not filed an independent action and his motion could not be construed as one, and aside from an independent action, there was not a procedural mechanism available under which the Commissioner could seek to vacate or set aside a judgment on grounds of new evidence when more than one year had elapsed since entry of judgment.  (Doc. 30).  On that basis, I recommended that the motion be denied.  No objections were filed.  On December 2, 2009, the district court adopted the Report and Recommendation (Doc. 30) and denied the Commissioner's motion.  *See* (Doc. 31).

The Commissioner now seeks Rule 60(b) relief from that Order, i.e., the district court's Order of December 2, 2009.  As grounds, the Commissioner asserts that the Social Security Administration's Office of General Counsel in Atlanta, Georgia, did not receive electronic notification of the Report and Recommendation, and as a result, did not prepare objections for the Office of the United States Attorney to file.  The Commissioner sets forth the substance of his objections to the original Report and Recommendation as well.  In the alternative, the Commissioner moves to alter or amend the court's Judgment under Rule 59(e) of the Federal Rules of Civil Procedure, essentially urging that district judge erred by adopting the Report and Recommendation because the magistrate judge clearly erred by recommending that the Commissioner's initial Rule 60(b) motion (Doc. 25) be denied on grounds that an independent action must be initiated procedurally by commencing an

independent action and not by way of a Rule 60(b) motion. Plaintiff did not file a response to the motion.

As indicated above, a hearing on this matter was conducted on February 25, 2010. At that time, Plaintiff reasserted that he did not oppose a remand but did not wish to waive his claim for benefits and right to rebut any new evidence including that of his work activity. To resolve this matter most efficiently, the parties agreed at the hearing to stipulate to a remand. On March 5, 2010, the parties filed their **Joint Stipulation Regarding Commission's Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)** (37). By this pleading, the parties stipulated to:

> [R]emand of this case to the Commissioner of Social
> Security for further administrative pleadings. On remand the
> Appeals Council will (1) consider whether Plaintiff was
> disabled and entitled to a period of disability at any time
> from his alleged onset date through the date the Social
> Security Administration found Plaintiff disabled based on a
> subsequent application (relevant period), and(2) determine
> whether Plaintiff had engaged in substantial gainful activity
> (SGA) at any time during the relevant period.

(Doc. 37). The intention of the stipulation is to permit the Appeals Council to address the court's judgment but in a manner consistent with the later discovered work history of the Plaintiff.

II.

A motion for reconsideration may be brought under either Rule 59(e) or Rule 60(b). *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). In either situation, relief granted from such motion is within the sound discretion of the trial judge. *See Region 8 Forest Serv.*

*Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993). Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly. *Degirmenci v. Sapphire-Fort Lauderdale, LLLP*, 642 F. Supp. 2d 1344, 1353 (S.D. Fla. 2009); *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003). The party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *Degirmenci*, 642 F. Supp. 2d at 1353-54.

Under Rule 60(b), the court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[1] Fed. R. Civ. P. 60(b). A Rule 60(b) motion must be made within a reasonable time, and for reasons one through three, must be made no more than a year after the entry of judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

Under Rule 59(e), courts have recognized three grounds justifying reconsideration: (1) the discovery of new evidence; (2) an intervening development or change in controlling

---

[1] "[A] court may not consider as reasons justifying relief under clause (6) any of the reasons justifying relief under the other five subsections of the rule." *Hall v. Alabama*, 700 F.2d 1333, 1338 (11th Cir. 1983) (citing *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949)).

law; or (3) the need to correct clear error[2] or prevent manifest injustice.[3] *Sussman*, 153 F.R.D. at 694; *Pres. Endangered Areas of Cobb's History, Inc., v. U.S. Army Corps. of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). A Rule 59 motion to alter or amend judgment must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e).

III.

In light of the parties' joint stipulation (Doc. 37), it is **RECOMMENDED** that the court exercise its discretion and **GRANT Defendant's Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b) or, in the Alternative, to Alter or Amend the Court's Judgment Under Fed. R. Civ. P. 59(e)** (Doc. 33), pursuant to Rule 59(e);[4] **APPROVE** the parties' joint stipulation (Doc. 37); and **MODIFY** its Order (Doc. 31) of December 2, 2009, by rejecting the Report and Recommendation (Doc. 30) and granting the Defendant's Motion

---

[2]A district court's finding is clearly erroneous when the reviewing court, after assessing the evidence, is "left with a definite and firm conviction that a mistake has been committed." *Worthington v. United States*, 21 F.3d 399, 400 (11th Cir. 1994) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

[3]Conversely, it is improper to use a Rule 59(e) motion to raise arguments or present evidence that could have been raised prior to the entry of judgment. *See Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

[4]Research conducted after the Commissioner's second Rule 60(b) motion revealed a Fifth Circuit case recognizing that a Rule 60(b) motion may be treated as the institution of an independent action where the adverse party is not prejudiced. *See Bankers Mortgage Co. v. United States*, 423 F.2d 73, 77 n.7 (5th Cir. 1970). On this ground, the undersigned stands corrected. Given the parties' stipulation, however, I find it unnecessary to consider whether denial of the motion would result in a grave miscarriage of justice or whether relief under the independent action provision of Rule 60 is foreclosed where the bases for relief is one enumerated Rule 60(b)(1)-(3). *See Beggerly*, 524 U.S. at 46-47.

for Relief From Judgment Under Rule 60(b) (Doc. 25) consistent with the parties' Joint Stipulation (Doc. 37) as set forth above.

> Respectfully submitted on this
> 29th day of April 2010.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### **NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.

Copies to:
United States District Judge
Counsel of Record